UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
YASEEN TRAYNOR A/K/A YASEEN
TRAYLOR, on behalf of himself and all others
similarly situated,                                                        Case No. 19-cv-6214 (ER)

                              Plaintiffs,
                                          **ANSWER**

        -against-

NEFF, LLC,
                              Defendant.
------------------------------------------------------------X

       Defendant, by its attorneys, Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint herein, states as follows:

       1.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1.

       2.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2.

       3.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3.

       4.     Denies the allegations contained in paragraph 4.

       5.     Denies the allegations contained in paragraph 5.

       6.     Denies the allegations contained in paragraph 6, but admits that plaintiff purports to invoke this Court's jurisdiction.

       7.     Denies the allegations contained in paragraph 7, but admits that plaintiff purports to invoke this Court's jurisdiction.

       8.     Denies the allegations contained in paragraph 8, but admits that plaintiff purports to invoke this Court's venue.

9. Denies the allegations contained in paragraph 9, and refers all questions of law to the Court.

10. Denies the allegations contained in paragraph 10.

11. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 and refers all questions of law to the Court.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14 and refers all questions of law to t he Court.

15. Denies the allegations contained in paragraph 15.

16. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 and refers all questions of law to the Court.

21. Denies the allegations contained in paragraph 21 and refers to the website for the contents thereof.

22. Denies the allegations contained in paragraph 22 and refers to the website for the contents thereof.

23. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35 and refers all questions of law to the Court.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41 and refers all questions of law to the Court.

42. Denies the allegations contained in paragraph 42 and refers all questions of law to the Court.

43. Denies the allegations contained in paragraph 43 and refers all questions of law to the Court.

44. Denies the allegations contained in paragraph 44 and refers all questions of law to the Court.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46 and refers all questions of law to the Court.

47. Denies the allegations contained in paragraph 47 and refers all questions of law to the Court.

## FIRST CAUSE OF ACTION

48. Repeats and incorporates by reference all allegations in paragraphs 1 through 47 above.

49. Denies the allegations contained in paragraph 49 and refers all questions of law to the Court.

50. Denies the allegations contained in paragraph 50 and refers all questions of law to the Court.

51. Denies the allegations contained in paragraph 51 and refers all questions of law to the Court.

52. Denies the allegations contained in paragraph 52 and refers all questions of law to the Court.

53. Denies the allegations contained in paragraph 53 and refers all questions of law to the Court.

54. Denies the allegations contained in paragraph 54.

55. Denies the allegations contained in paragraph 55.

## SECOND CAUSE OF ACTION

56. Repeats and incorporates by reference all allegations in paragraphs 1 through 55 above.

57. Denies the allegations contained in paragraph 57 and refers all questions of law to the Court.

58. Denies the allegations contained in paragraph 58 and refers all questions of law to the Court.

59. Denies the allegations contained in paragraph 59 and refers all questions of law to the Court.

60. Denies the allegations contained in paragraph 60.

61. Denies the allegations contained in paragraph 61 and refers all questions of law to the Court.

62. Denies the allegations contained in paragraph 62 and refers all questions of law to the Court.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69.

70. Denies the allegations contained in paragraph 70.

## THIRD CAUSE OF ACTION

71. Repeats and incorporate by reference all allegations in paragraphs 1 through 70 above.

72. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73 and refers all questions of law to the Court.

74. Denies the allegations contained in paragraph 74 and refers all questions of law to the Court.

75. Denies the allegations contained in paragraph 75 and refers all questions of law to the Court.

76. Denies the allegations contained in paragraph 76.

77. Denies the allegations contained in paragraph 77.

78. Denies the allegations contained in paragraph 78 and refers all questions of law to the Court.

79. Denies the allegations contained in paragraph 79 and refers all questions of law to the Court.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

## **FOURTH CAUSE OF ACTION**

83. Repeats and incorporates by reference all allegations in paragraphs 1 through 82 above.

84. Denies the allegations contained in paragraph 84 and refers all questions of law to the Court.

85. Denies the allegations contained in paragraph 85 and refers all questions of law to the Court.

86. Denies the allegations contained in paragraph 86 and refers all questions of law to the Court.

87. Denies the allegations contained in paragraph 87.

88. Denies the allegations contained in paragraph 88 and refers all questions of law to the Court.

89. Denies the allegations contained in paragraph 89.

90. Denies the allegations contained in paragraph 90.

91. Denies the allegations contained in paragraph 91.

92. Denies the allegations contained in paragraph 92.

93. Denies the allegations contained in paragraph 93.

94. Denies the allegations contained in paragraph 94.

95. Denies the allegations contained in paragraph 95.

## FIFTH CAUSE OF ACTION

96. Repeats and incorporates by reference all allegations in paragraphs 1 through 95 above.

97. Denies the allegations contained in paragraph 97.

98. Denies the allegations contained in paragraph 98 and refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver .

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred in whole or in part.

**NINTH AFFIRMATIVE DEFENSE**

Defendant acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and defendant's actions were not discriminatory or otherwise actionable.

**TENTH AFFIRMATIVE DEFENSE**

Defendant did not encourage, condone, approve or participate in any allegedly discriminatory conduct.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the primary jurisdiction doctrine and the Court should refrain from exercising jurisdiction over them until the United States Department of Justice issues regulations on accessibility standards for websites under Title III of the ADA.

**TWELFTH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Primary jurisdiction over the instant claims does not lie with the Court.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are or may be barred, in whole or in part, because the alterations that Plaintiff seeks to the subject website are not readily achievable nor able to be carried out without significant difficulty or expense but, rather, would result in an undue burden upon Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

It is or was impracticable to design, construct or otherwise alter the subject website in the manner proposed in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Alternative means of access to Defendant's services are readily accessible and available.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any departures from applicable guidelines, if any, are permitted by law insofar as any alternate designs provide substantially equivalent or greater access to and usability of the properties and the goods.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Full compliance with any alterations that are allegedly required would be technically infeasible.

## NINETEENTH AFFIRMATIVE DEFENSE

Alterations which do not serve primary functions are disproportionate to the cost of the overall alteration of the websites.

## TWENTIETH AFFIRMATIVE DEFENSE

There are no access barriers to the use or enjoyment of the subject website and/or any goods, services, programs, facilities, privileges, advantages and accommodations provided therein.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As Plaintiff failed to provide Defendant with notice as to any alleged barrier encountered or opportunity to cure same prior to instituting this suit prior to filing this action, and without attempting to resolve the alleged issues through alternative means of dispute resolution, as encouraged by Congress in 42 U.S.C. § 12212, Plaintiff cannot recover attorneys' fees and costs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The modifications proposed or sought would impose a significant administrative or financial burden upon Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not experienced or been subject to any barriers to the access, use or full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations available at the subject website as a result of any acts or omissions of Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff is and was not a *bona fide* patron to or user of the subject website.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries are *de minimis*.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The Complaint is not appropriate for treatment as a class action given the diversity of issues and defenses implicated.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Complaint fails to qualify as a class action because, *inter alia*, the allegations therein fail to meet the numerosity, typicality, commonality, superiority and/or predominance requirements for class actions.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the ripeness doctrine because the United States Department of Justice has not issued regulations on accessibility standards for websites.

**WHEREFORE**, Defendant demands that judgment be entered as follows:

1. Dismissing the Complaint in its entirety with prejudice;

2. Awarding Defendant costs and expenses, including reasonable attorneys' fees; and

3. Granting such other and further relief as is just and proper.

Dated:  New York, New York
September 30, 2019

                              LEWIS BRISBOIS BISGAARD & SMITH LLP

                              By:   /s/ Peter T. Shapiro
                                    Peter T. Shapiro
                                    *Attorneys for Defendant*
                                    77 Water Street, Suite 2100
                                    New York, New York 10005
                                    (212) 232-1300
                                    Peter.Shapiro@lewisbrisbois.com

## CERTIFICATE OF SERVICE

  Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on September 30, 2019, he caused to be filed via ECF Defendant's Answer to the Complaint.

                /s/ Peter T. Shapiro
                Peter T. Shapiro